UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RODNEY SCHOFIELD,

                              PLAINTIFF,                **AMENDED COMPLAINT**

                -AGAINST-                                      **ECF CASE**

NEW YORK CITY, POLICE OFFICER CHRISTOPHER        13-CV-604
VIVERITO AND SERGEANT STEVEN KELLS,
individually, and in their capacities as members of the New
York City Police Department.

                            DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mr. Rodney Schofield ("Mr. Schofield"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about September 28, 2012, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Schofield to *inter alia* false arrest.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Schofield, is a United States citizen and at all times here relevant resided at 1126 East 222nd Street, Bronx, NY 10469.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Christopher Viverito and Sergeant Steven Kells, at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Schofield is employed as a truck driver for a haulage company.

11. Mr. Schofield has also run a successful business as a Disc Jockey ("DJ") in New York City since 1979.

12. On or about September 28, 2012, Mr. Schofield agreed to DJ at a party in Queens.

13. Mr. Schofield drove to the venue with his step-son Barry Brown ("Mr. Brown").

14. Mr. Brown often assisted Mr. Schofield in setting up the DJ equipment.

15. Mr. Schofield and Mr. Brown arrived at the venue at approximately 10:00 pm and set up their DJ equipment on the 1st floor.

16. Mr. Schofield proceeded to DJ as the party began.

17. After approximately one hour, several police officers entered the party.

18. The police officers told everyone at the party that they had to leave.

19. Approximately fifty people left the party.

20. Upon information and belief, the police officers began searching the venue and the basement.

21. Mr. Schofield and Mr. Brown started to pack up their DJ equipment.

22. PO Christopher Viverito then came up from the basement and told Mr. Schofield that the police had found a gun and marijuana.

23. PO Christopher Viverito then said to Mr. Schofield, in sum and substance, "you're in the wrong place at the wrong time. We need to put this on someone."

24. Mr. Schofield told PO Christopher Viverito that he had nothing to do with any gun or any marijuana and that he was only the DJ.

25. PO Christopher Viverito then arrested Mr. Schofield without probable cause or legal justification.

26. Mr. Schofield was handcuffed behind his back.

27. Sergeant Steven Kells told Mr. Schofield, in sum and substance, "don't worry, you won't get charged with this, it won't stick. It is just the process you have to go through."

28. Mr. Schofield was searched and nothing was found.

29. Mr. Schofield was taken to the precinct at approximately 1:00 am on September 29, 2012.

30. Mr. Schofield was then transferred to Queens Central Bookings at approximately 12:00 pm on September 29, 2012.

31. Mr. Schofield was interviewed by members of the Queens County District Attorney's Office.

32. Shortly thereafter, Mr. Schofield was released from custody without charge.

33. The Queens County District Attorney's Office declined to prosecute any charges against Mr. Schofield.

34. Mr. Schofield continues to feel traumatized by the events of September 28 and 29, 2012.

35. Mr. Schofield is wary when he sees police officers in public.

36. Mr. Schofield feels frustration, anger, embarrassment, humiliation, loss of liberty, and financial loss as a result of the incident.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

37. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

38. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

39. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

40. Defendants confined plaintiff.

41. Plaintiff was aware of, and did not consent to, his confinement.

42. The confinement was not privileged.

43. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(Failure to Intervene)

44. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

45. Defendant PO Christopher Viverito arrested plaintiff without probable cause or legal justification.

46. Defendant Sergeant Steven Kells knew, or should have known, that PO Chrstopher Viverito did not have probable cause or legal justification to arrest plaintiff.

47. Defendant Sergeant Steven Kells failed to intervene to prevent PO Christopher Viverito from arresting plaintiff without probable cause or legal justification.

48. Defendant Sergeant Steven Kells had sufficient time to intercede and had the capability to prevent PO Christopher Viverito from arresting plaintiff without probable cause or legal justification.

49. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## JURY DEMAND

50. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

    In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

    Awarding plaintiff punitive damages in an amount to be determined by a jury;

    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

    And such other and further relief as the Court deems just and proper.

Dated:    New York, New York
           July 8, 2013

By:        /s/
    Duncan Peterson (DP 7367)

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075

6